JOHN CALVIN NORRIS *vs*. THE TRUSTEES OF THE ABINGDON ACADEMY.—*December*, 1834.

The Legislature (by the act of 1829, ch. 37,) incorporated the trustees of an Academy, and afterwards upon the application of such trustees passed a resolution granting them an annual donation, "provided that the said trustees shall previously have conveyed and secured to the *State* for the use of the said school, the entire estate and effects of the institution derived under the act of 1829 or otherwise, and in that event, one hundred dollars out of

the said donation to be applied towards the extinguishment of the debts due on account of the corporation, and for the completion of the buildings, and the purchase of the necessary furniture and implements." This donation was accepted by a majority of the corporators, and a deed according with the resolution executed to the *State*. By the act of 1831, the Legislature passed an act, vesting the goverment of said Academy in a new board of trustees. HELD, that the deed to the *State* was no dissolution of the corporation, and that the act of 1831, ch. 219, was in violation of *its* chartered rights, and void under the prohibitions of the Constitution of the United States.

APPEAL from *Harford* County court.

This was an action of *Replevin* instituted by the appellees against the appellant on the 1st of June 1832, for the corporate seal, and record book of the stockholders and trustees of the Academy.

The case was submitted to the County court upon the following statement of facts :—

*The General Assembly of Maryland*, at December session, 1829, ch. 37, passed an act, incorporating the trustees of the *Abingdon* Academy; and at the following session the said trustees made application to that body for a donation to said Academy, upon which application, the Legislature passed a resolution granting an annual donation to them of $300, " provided that said trustees shall previously have conveyed and secured to the State, for the use of the said school, the entire estate, and effects of the institution, derived under the act of December session, 1829, ch. 37, or otherwise; and in that event one hundred dollars out of the said donation, to be applied towards the extinguishment of the debts, due on account of the corporation, and for the completion of the buildings, and the purchase of the necessary furniture and implements."

The following proceedings were then adopted by the trustees of said Academy, in relation to the acceptance of the donation, upon the terms proposed by the resolution :

" June 16th, 1831. The trustees met agreeably to public notice, (present nine of their number,) when on motion it was resolved, unanimously, that the resolution passed by the Legislature of Maryland, giving an annual donation of $300, for the advancement of *Abingdon* Academy, under

certain provisions, be recommended by the board of trustees to the stockholders of said Academy for their acceptance, and that a meeting be called to ascertain their will by vote.

In pursuance of this resolution, a meeting was called on the 13th of the following month, (July,) when on counting the votes of the stockholders, there appeared 85 votes in favor of accepting the donation of the State, on the terms proposed, and 61 votes against it.

On the 9th of September 1831, the trustees in compliance with the determination of the stockholders, executed to *the State of Maryland* a deed under the corporate seal of all the property and estate of the Academy of every description, " to have and to hold the same, and every part and parcel thereof, for the use of the said school, and to, and for, no other intent or purpose whatsoever." And thereupon the trustees received from the treasurer, the donation granted by said resolution.

Afterwards at December session 1831, ch. 219, the Legislature passed an act vesting the government of said Academy in a new board of trustees, which last act the plaintiffs in this case (now appellees) insist is unconstitutional and void, and they claiming under the act of 1829, ch. 37, have brought this suit against the secretary of the new board, to recover the personal property belonging to said institution.

Upon this statement it was agreed, that if the court should be of opinion that the Legislature had the power to pass the act of 1831, the judgment should be for the defendant, if otherwise for the plaintiffs.

The County court gave judgment for the plaintiffs, and the defendant thereupon prosecuted an appeal to this court.

The cause was argued before BUCHANAN Ch. J. and STEPHEN, and CHAMBERS, Judges.

McMAHON for the appellants.

The question is as to the constitutionality of the act of 1831, ch. 219, and this depends upon the effect of the resolution of 1830, its acceptance, and the deed made conformably thereto.

2

That deed was made with the sanction of a majority of the corporators; an authority sufficient not only to modify, but to surrender the entire franchise. A corporation is but one being, having but one will, and that will may be expressed by a majority of the members. *Angel & Aimes,* 7. 46, 49, 280, 507. 2 *Kent's Com.* 236. 1 *Kidd* 422. *Case of St. Mary's Church,* 7 *Serg. & Rawle,* 517, 530.

This deed was verified by the corporate seal, which is evidence of the assent of the entire corporation, *Angel & Aimes,* 115, and the effect of it, was to vest, all the corporate property in the *State.* And when it conveyed all its property, it necessarily transferred its franchises, they being incapable of existing, dissevered from the property to which they pertained, unless the corporation has the power to make further acquisitions, which was not the case with the old academy. 2 *Kidd in Corp.* 466, 467.

These trustees, by their surrender to the *State,* ceased to be the protectors of private, and became the trustees of public property, of a school resting on a public foundation. There still resided in them a trust, but it was of a public character, the property over which it extended being public property, purchased by the *State* for a valuable consideration. The *State* stipulated to hold the property for the use of the school, which stipulation, it might be unable to perform, if the title remained in the old corporation.

The title then, being in the *State* for the purpose contemplated by the deed and resolution, the act of 1831 did nothing more than appropriate it to that purpose, changing the agents to be sure, but leaving the object of its application the same. After the execution of the deed and resolution, the corporation became a public one, and liable to be administered, and visited by the *State;* the right of visitation always following the ownership of the property. *Dartmouth College vs. Woodward,* 4 *Peter's Cond. Rep.* 565.

The right and powers derived from the government, by the act of incorporation, are conferred, to enable the corporators to protect their property, and consequently when the property

is transferred, the corporate franchises go also. *Dartmouth College vs. Woodward,* 4 *Peter's Cond. Rep.* 547, *to* 562.

MAULSBY, and WM. P. MAULSBY for the appellees.

1. The deed by the trustees to the *State,* was a deed of trust simply, vesting nothing more than the legal interest, leaving the beneficial property, where it was before ; and this it is clear was the design of the deed and resolution taken together.

But even if the property was wholly transferred, still the corporation would exist, as the object for which it was granted remained, and when that is the case, an alienation of its property does not destroy the corporation.

These trustees were incorporated as trustees of an academy, and not of the property. They are distinct things, and the transfer of the one, does not involve a surrender of the other. 2 *Kidd on Corp.* 469.

The immunities and privileges of a corporation are valuable interests, and distinct from tangible property. *Dartmouth College vs. Woodward,* 4 *Wheat.* 698. According to the argument of the other side, a compliance with the resolution of the *State,* would defeat the bounty, and of course it would revert to the *State,* by whom it was granted. This, however, cannot be so. The deed vested in the *State,* the legal title, and that is the consideration upon which the bounty was granted. After thus paying the consideration, the *State* cannot withdraw the donation ; change the administrators of it ; or interfere in any manner with its application. The appointment of a new board of trustees, was an unconstitutional interference with the rights of the old board, and is of course void. *Dartmouth College vs. Woodward,* 4 *Wheat.* 652. This is not a public corporation. To be so, it must have political power, or be the instrument for its exercise by the *State.* It is a private elemosynary corporation. *Attorney General vs. Whorwood,* 1 *Ves.* 537. *Stat.* 43 *Eliz.* ch. 4. And such an one is not destroyed by an act, which does not defeat the object of its creation. The inclination of the courts is against the dissolution of corporations. *Mayer & Comm. of Colchester*

*vs. Seaber's Ex'r.* 3 *Burr.* 1866.   In the present case, the object for which the corporation was created, being advanced rather than defeated, by the acceptance of the resolution, and execution of the deed, they cannot have the effect of dissolving it. *Angel & Aimes,* 508.   The old trustees had vested rights, which it was not in the power of the Legislature to take away or impair.   *Dartmouth College vs. Woodward,* 4 *Wheat.* 694, 703.   *Ashby vs. White,* 2nd *Ld. Raymond,* 952. *Fletcher & Peck,* 6 *Cranch* 88.   *Dartmouth College vs. Woodward,* 4 *Wheat.* 518.   *State of New Jersey vs. Wilson,* 7 *Cranch* 164.   *Territt & others vs. Taylor and others,* 9 *Cranch* 51.   *The Town of Pawlet vs. Daniel Clarke,* 9 *Cranch,* 292. 2 *Kent's Com.* 245.

CHAMBERS, Judge delivered the opinion of the court.

It is the opinion of the court, that the resolution of 1830, was intended to advance the interests of the Academy.   That such intention was to be executed through the continued agency of the corporation previously created by the act of 1829 ch. 37.   That the deed required of the trustees was to be in part execution of this intention, and that the deed of the trustees to the *State,* was strictly in conformity to the arrangement proposed.   The capacity and competency of the corporation to administer the appropriate duties of its creation after the deed, certainly remained.   It was competent to receive further, and other pecuniary means, and to apply these, as well as the donation from the *State,* to the very objects for which the corporation was created.   The deed therefore was no dissolution.

To make it effect such a result, would be destructive of its avowed object, for if it dissolved the corporation, there remained no institution to receive that equivalent, which was the declared consideration of its execution.   The corporation then being still in existence, when the act of 1831, ch. 219 was passed, we think the last mentioned act was in violation of its rights, and within the cases decided in the supreme court, and cited in argument, as coming within the prohibition of the Constitution of the United States and therefore void.

JUDGMENT AFFIRMED.